Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000039
05-FEB-2014
09:27 AM

NO. CAAP-13-0000039

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
THOMAS REED, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1284)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Thomas Reed ("Reed") appeals from the Judgment of Conviction and Sentence, filed on December 26, 2012, in the Circuit Court of the First Circuit ("Circuit Court").[1/] After Reed was found guilty by a jury, the Circuit Court entered judgment against him for one count of Robbery in the Second Degree, in violation of Hawaii Revised Statutes ("HRS") § 708-841.[2/] Reed was originally sentenced to ten years imprisonment, but upon a motion for reconsideration of the

---

[1/]  The Honorable Glenn J. Kim presided.

[2/]  HRS § 708-841 provides, in relevant part:

A person commits the offense of robbery in the second degree if, in the course of committing theft . . . . :

(a)  The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance;

(b)  The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property[.]

HAW. REV. STAT. § 708-841(1)(a) and (b) (Supp. 2012).

sentence, the Circuit Court entered the March 6, 2013 Judgment of Conviction and Probation Sentence. It thereby vacated its original judgment and sentence, reentered judgment against Reed on the robbery count, and resentenced him to a five-year term of probation.[3] On appeal, Reed challenges the sufficiency of the evidence, contending that the State of Hawai'i ("State") failed to adduce substantial evidence to support his conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Reed's point of error as follows:

Jewel Sawada ("Sawada") testified that, while walking to work, she was confronted by a man who grabbed her, yanked at her purse, and ordered her at gunpoint to let go of her purse. She let go and the man then ran off with the purse. She called out for help, and thereafter observed the same man rummaging through her purse only a short distance away.

Two witnesses each testified to observing a man running from the vicinity and then encountering Sawada, who related that she had been robbed. One of those witnesses, via a photographic lineup, identified the man as Reed. Sawada also related her account of robbery at gunpoint to police. Police later apprehended Reed and found a couple of Sawada's possessions in his van.

Reed testified in his own defense, relating a different explanation of these events. He maintained that he had been rummaging through his own bag, placing his items on the ground, when, at one point, he looked up and noticed a woman walking towards him. He continued to rummage through his bag and when he looked up again, the was woman nearly upon him. Startled, he stood up and put his hands on her arms to keep her from falling. At that point she began screaming and yelling for help. Upon

---

[3] Reed did not refile his notice of appeal. Pursuant to Hawai'i Rules of Appellate Procedure 4(b)(4), however, we deem his notice of appeal to have been timely filed on March 6, 2013. *See* Haw. R. App. P. 4(b)(4); *State v. Keawe*, 107 Hawai'i 1, 3 n.4, 108 P.3d 304, 306 n.4 (2005) (deeming timely filed a notice of appeal filed after guilty finding but before entry of written judgment).

hearing another man call out and seeing the man running towards them, Reed panicked. He quickly stuffed the items on the ground into his bag and ran off. He returned to his van and discovered that he had the woman's purse in his bag, along with her employee identification badge. Intending to return her purse, he took it to her place of employment. Rather than give the purse to any of the number of police officers who had assembled there, he left the purse with the identification badge visible on an information desk and departed.

Reed explained that, being black, he was afraid to hand over Sawada's purse to police. He also explained his panicked reaction to his encounter with Sawada as motivated by concerns over racial profiling. Reed testified that he never attempted to rob Sawada nor threatened her with a gun.

The jury had full opportunity to hear these contrary accounts and found that the State had proven its case beyond a reasonable doubt. In doing so, the jury plainly credited Sawada's testimony and discredited Reed's.

Considering the evidence, as we must, in the light most favorable to the State, there was substantial evidence to support Reed's conviction. *See State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998). Along with the undisputed facts at trial proving that Reed encountered Sawada, engaged with her, and departed with her belongings, Sawada's testimony is sufficient to sustain Reed's conviction.[4] *See State v. Souza*, 119 Hawai'i 60, 72, 193 P.3d 1260, 1272 (App. 2008) ("Sufficient evidence to support a conviction can be established through the testimony of a single witness." (citing *State v. Eastman*, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996))). We therefore conclude that Reed's appeal is without merit.

Therefore,

---

[4]     Reed asks this court to compare Sawada's testimony with Reed's and determine that a reasonable jury could not have found him guilty. It is not our role, however, to second-guess a jury's credibility determination as between conflicting testimony. *See State v. Martinez*, 101 Hawai'i 332, 340, 68 P.3d 606, 614 (2003) ("[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." (quoting *Doe Parents v. State, Dep't of Educ.*, 100 Hawai'i 34, 58, 58 P.3d 545, 569 (2002) (internal quotation marks omitted))).

IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence, filed on March 6, 2013, in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, February 5, 2014.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4